BANGS *v.* HORNICK.

(*Circuit Court, D. Minnesota.* February 21, 1887.)

1. PROMISSORY NOTES—CONSIDERATION—SPECULATING IN "FUTURES."

In an action on a promissory note, defendant pleaded that the note was given for a stock-gambling debt and was void. It appeared that he ordered the purchase and sale of stocks through a Chicago broker; that he did not intend an actual purchase or sale, but only to speculate on a future rise or fall. It did not appear, however, that a purchase and sale were not in fact made by the broker. The court, upon this evidence, peremptorily instructed the jury to find for plaintiff, as it appeared that there was a gambling intent on *one side only,* and it is well settled that where such intent exists only on one side, and the other party intends an actual purchase or sale, then the transaction is valid; and from the intent and belief of one party it is not fair to presume a like intent or belief as to the other.[1]

2. SAME—DEFENSES—RIGHTS OF THIRD PARTIES.

A broker claimed a balance to be due him by A. on account of certain stock transactions, which sum B., a third party, assumed to pay; A. afterwards executed his note to B. for the amount, *held,* that A. could not afterwards repudiate the note on the ground that the balance claimed by the broker was due on a gambling transaction which was void.

[1] As to the validity of contracts for dealing in futures. See Beadles v. McElrath, (Ky.) 3 S. W. Rep. 152, and note.

3. PRINCIPAL AND AGENT—PRESUMPTION THAT AGENT FOLLOWED INSTRUCTIONS. The law will presume that an agent obeyed the instructions given him and as they were given; and, if the contrary be alleged, it must be proved.

Motion for a New Trial.

BREWER, J. This was an action on a promissory note. Defendant pleaded that it was void because given for a gambling debt. I instructed the jury that the defense was not made out. A verdict was thereupon returned for the plaintiff. The principal question, therefore, is whether the testimony shows the consideration of the note was a gambling transaction; or, perhaps more correctly, whether it left a doubtful question of fact, and one which the jury alone were authorized to decide. The defendant was the principal witness in his own behalf,— a young man of great candor, and one who, though largely interested in the result, made no effort to conceal or distort anything, and most unquestionably stated the facts as he knew them, and only those that he knew; and, if I could see any possible way to do so, it would give me great pleasure to relieve him from the burden of this judgment.

The facts are these: In 1881, the defendant, then living in Chicago, thought to make money speculating in stocks, and employed the firm of Lester & Co., brokers in that city, to buy and sell for him. Whenever he wished to buy, he left orders with them to make the purchase, depositing a sum varying from 3 to 10 per cent. as a margin; and, whenever he wished to sell, he similarly instructed them to sell. If by the transaction a profit was made, his account was credited with that amount, less the commission; and, if loss resulted, it was in like manner debited therewith. He never received any certificates of stock, never saw any, and did not of his own knowledge know whether any were ever bought or sold. The deposition of Mr. Lester, one of the firm, was read in behalf of the plaintiff, and he testified that, upon receipt of instructions to buy or sell, the same were telegraphed by his firm to their agents in New York city, and, so far as he knew, were complied with by their agents in the actual purchase or sale. Defendant insists that this whole deposition should have been excluded, because of the failure of the witness to answer certain questions. Assume that to be correct, and it leaves the case with simply the testimony of defendant that he ordered the purchase and sale of stocks, and that he does not know whether there were purchases or sales. Outside of the depositions there is not the first *scintilla* of testimony as to what was in fact done or intended to be done by Lester & Co. Now, it is doubtless true that where there is in fact no purchase or sale of stocks, and none intended by both parties, but simply a wager intended on the rise or fall of prices, the transaction is a gambling one, and cannot be upheld; but it is equally true and well settled that where the gambling intent exists only on one side, and the other party intends an actual purchase or sale, then the transaction is valid. There is no gambling unless both sides gamble; and from the intent or belief of the one party it is not fair to presume a like intent or belief on the other. *Bartlett* v. *Smith*, 13 Fed. Rep. 263; *Kirkpatrick* v. *Adams*,

20 Fed. Rep. 287; *Irwin* v. *Williar*, 110 U. S. 507, 4 Sup. Ct. Rep. 160. So it amounts to this: If the deposition of Lester was properly admitted, an actual *bona fide* transaction was proven; if it was improperly admitted, there is no testimony to show any wrong on the part of Lester & Co., and the law does not presume a wrong. Counsel for defendant say that it is the absolute duty of the court to denounce this transaction, unless it clearly appears that it was a valid and honest one. I think the duty of the court is precisely the reverse, and that it is the duty of the court to uphold it, unless it appears that it was an invalid and dishonest one. The defendant has given his note. The law presumes that there was a consideration, and an honest one, and unless he has shown the contrary he should abide by the contract he has made.

Further, this is not a case where defendant, as principal on the one side, was dealing with Lester & Co. as principal on the other. There was no contract of purchase or sale, real or pretended, between them. They were simply brokers,—agents to do his bidding in transactions, real or pretended, elsewhere. There is no presumption that an agent does not obey the instructions given, or that he does not intend to obey them; and, it matters not what the intent or supposition of the principal may be, the law will presume that the agent obeyed the instructions that were given and as they were given; and, if the contrary be alleged, it must be proved. *Bartlett* v. *Smith*, 13 Fed. Rep. 263; *Kirkpatrick* v. *Adams*, 20 Fed. Rep. 287.

And, still further, the present plaintiff was not a member of the firm of Lester & Co. at the time of these transactions. For some reason he assumed the payment to Lester & Co. of the amount claimed by them to be due from the defendant. He not only assumed, he in fact paid it. Knowledge of this was brought to the defendant, and thereupon he gave a note to the plaintiff, of which the one in suit is a renewal. Now, if A. pays to B. a debt which B. claims is owing from C., and C., being made aware of this payment, gives his note for the amount to A., can he thereafter repudiate that note on the ground that he did not in fact owe B. anything?

Beyond any doubt in my mind, the verdict was right, and must be sustained.